BURLINGTON PROPERTY, LLC v CITY OF ANN ARBOR

Docket No. 259485. Submitted January 5, 2006, at Lansing. Decided February 14, 2006, at 9:15 a.m.

Burlington Property, L.L.C., petitioned the Michigan Tax Tribunal to dispute an increase in the taxable value of its real property in the city of Ann Arbor. The Michigan Tax Tribunal determined that the sale of a holding company, which company did not own the subject real property directly, but owned the property through a wholly owned subsidiary, constituted a "transfer of ownership" under the General Property Tax Act, MCL 211.27(a)(6)(h), allowing the taxing authority, the city of Ann Arbor, to uncap and raise the taxable value of the petitioner's real estate. The petitioner appealed, alleging that the "transfer of ownership" statute is unconstitutionally vague with respect to transfers of holding companies that do not directly own real estate.

The Court of Appeals *held*:

The petitioner's claim that the MCL 211.27a(6)(h) is unconstitutional as void for vagueness fails. Although the statutory language does not include specifically that a transfer of ownership for the purposes of the statute includes the transfer of the ownership interest in a holding company that does not own the subject real estate, the plain language of the provision provides fair notice that such a transaction is included, and nothing in the statute suggests a that such a transaction is not covered.

Affirmed.

TAXATION — REAL PROPERTY — TRANSFERS OF OWNERSHIP — HOLDING COMPANIES — CONSTITUTIONAL LAW — DUE PROCESS.

The statute that provides a nonexclusive list of transfers of ownership of real property that allow for an increase in the valuation cap for tax purposes is not unconstitutionally vague as it gives fair notice that a transfer of the ownership interest in a holding company that does not directly own the real property is, under the statute, a transfer of ownership of the real property (MCL 211.27a[6][h]).

*Conlin, McKenney & Philbrick, P.C.* (by *James A. Schriemer, Thomas D. Luczak,* and *Joy M. Glovick*), for the petitioner.

*Stephen K. Postema,* City Attorney, and *Kristen D. Larcom,* Senior Assistant City Attorney, for the respondent.

Before: BANDSTRA, P.J., and FITZGERALD and WHITE, JJ.

PER CURIAM. Petitioner appeals as of right, MCL 205.753, the order of the Michigan Tax Tribunal (MTT) granting summary disposition in favor of respondent, pursuant to MCR 2.116(C)(10), in this property tax valuation action involving § 27a of the General Property Tax Act (GPTA), MCL 211.1 *et seq.* We affirm.

This case was submitted with *Signature Villas Apartments, LLC v City of Ann Arbor,* 269 Mich App 694; ___ NW2d ___ (2006), also decided today. For the reasons stated in *Signature Villas,* we reject petitioner's arguments that the MTT erred in concluding that the transaction at issue led to an uncapping of the property's taxable value under § 27a(6).

Petitioner additionally argues that § 27a(6)(h) "is unconstitutionally vague with respect to transfers of holding companies which do not directly own real estate in that it fails to give adequate notice of proscribed conduct." We disagree.

"The constitutionality of a statute is reviewed de novo as a question of law." *Taylor v Gate Pharmaceuticals,* 468 Mich 1, 5; 658 NW2d 127 (2003). "Statutes are presumed constitutional . . . ." *Id.* at 6. Petitioner's claim that § 27a(6)(h) is unconstitutionally void for vagueness should fail.

The Michigan Supreme Court has recognized three alternate grounds on which a statute may be determined unconstitutionally void for vagueness. These are that the statute "[1] is overbroad, impinging on First Amendment freedoms, or [2] does not provide fair notice of the conduct proscribed, or [3] is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed." *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980). Because petitioner's challenge does not involve "First Amendment freedoms," it is analyzed in light of the particular facts presented in this dispute, *In re Gosnell,* 234 Mich App 326, 334; 594 NW2d 90 (1999), and " ' "without concern for the hypothetical rights of others," ' " *Yankee Springs Twp v Fox,* 264 Mich App 604, 606-607; 692 NW2d 728 (2004) (citations deleted).

Petitioner relies on the second of the above grounds, asserting that § 27a(6)(h) is void for vagueness because it does not provide fair notice that the instant transaction constitutes a "transfer of ownership."

> To provide fair notice of the conduct proscribed, the statute " 'must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. The statute cannot use terms that require persons of common intelligence to guess at the statute's meaning and differ regarding its application.' " However, a statute is not vague if the meaning of the disputed words "can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning." [*In re Gosnell, supra,* 234 Mich App 334 (citations deleted).]

The plain language of § 27a(6)(h) is unambiguous. It states that "transfer of ownership" includes, but is not limited to, the conveyance of more than 50 percent of

the ownership interests in one of various enumerated legal entities. Petitioner points to no term within § 27a(6) that is vague or ill-defined. Rather, petitioner argues that § 27a(6) is vague because it lacks statutory language stating that a " 'transfer of ownership' includes the transfer of the ownership interest in a holding company which does not own the subject real estate." However, the plain language of the provision gives notice that such a transaction is included and nothing in the statute suggests that such a transaction is not covered.

In contending that § 27a(6)(h) fails to provide fair notice, petitioner further relies on its synthesis of the GPTA and the Limited Liability Company Act (LLCA) by way of the *in pari materia* rule of construction. In *Signature Villas, supra,* we rejected the argument that the LLCA provision that the members of an LLC have no interest in the property of the LLC renders § 27a(6)(h) inapplicable where membership interests in a holding company are involved. Because the LLCA does not alter the clear meaning of § 27a(6)(h), we reject petitioner's argument that the interplay of the GPTA and the LLCA renders § 27a(6)(h) vague. Thus, petitioner has failed to establish that § 27a(6)(h) is unconstitutionally void for vagueness.

Affirmed.