SIGNATURE VILLAS, LLC v CITY OF ANN ARBOR

Docket No. 264003. Submitted January 5, 2006, at Lansing. Decided
February 14, 2006, at 9:20 a.m.

Signature Villas, L.L.C., petitioned the Michigan Tax Tribunal to
dispute an increase in the taxable value of its real property in the
city of Ann Arbor. The Michigan Tax Tribunal (MTT) determined
that the sale of a holding company, which company did not own the
subject real property directly, but owned the property through a
wholly owned subsidiary, the petitioner, constituted a "transfer of
ownership" under the General Property Tax Act (GPTA), MCL
211.27a, which permits the taxable value of property to be reas-
sessed in conformity with the state equalized value upon transfer
of the ownership of the property. The petitioner appealed the MTT
grant of summary disposition for the respondent.

The Court of Appeals held:

1. The MTT did not err in determining that the sale of a
business entity that owns another business entity that owns real
property constitutes the "transfer of ownership" of the property
for the purposes of the GPTA, subjecting the property to revalu-
ation for tax purposes. Const 1963, art 9, § 3 requires revaluation
to the current true cash value (market value) when the ownership
of a parcel of realty is "transferred," as defined by state law. MCL
211.27a(6) provides that definition as "the conveyance of title to or
a present interest in property, including the beneficial use of the
property, the value of which is substantially equal to the value of
the fee interest." MCL 211.27a(6)(h) specifically and unambigu-
ously includes the transaction in this case as involving the "trans-
fer of ownership" of the subject property. The transaction con-
veyed an ownership interest in more than 50 percent of the limited
liability company that owned the property.

2. The rule of in pari materia does not apply in this case with
relation to the Limited Liability Company Act (LLCA), MCL
450.4504(2), which states that a member of a limited liability
company has no interest in specific limited liability company
property, and MCL 211.27a(6), which requires for a transfer of
ownership either title to or a present interest in, and beneficial use
of, the property. These statutes do not relate to the same subject or

have the same general purpose and should not be read in connection with each other. To allow the LLCA to govern the interpretation of "present interest" for the purpose of interpretation of the GPTA would render nugatory the reference to limited liability companies in MCL 211.27a(6). Statutory language may not be rendered surplusage or nugatory by a court's statutory interpretation.

3. The petitioner argued that State Tax Commission and Department of Treasury guidelines support the petitioner's interpretation of MCL 211.27a(6)(h). However, those guidelines address the different question whether the conveyance of an ownership interest of a legal entity that owns the property can be a transfer of ownership under MCL 211.27a.(6)(h).

4. The MTT did not err in considering unstipulated documentary evidence. In general, when a case is submitted to an agency on stipulated facts, the facts are to be taken as conclusive. Although the parties stipulated certain facts for the purpose of adjudication, the additional documentary evidence relied on by the MTT was submitted by the petitioner in a prehearing discovery motion and was, therefore, not improperly considered. Furthermore, the additional evidence did not contradict the stipulations, and the MTT had discretion to consider the additional evidence. In any event, the judgment was proper under the stipulated facts without the additional evidence.

Affirmed.

TAXATION — REAL PROPERTY — TRANSFERS OF OWNERSHIP — HOLDING COMPANIES.

The sale of a business entity that owns a business entity that owns over 50 percent of a parcel of real property constitutes a "transfer of ownership" of the property for the purposes of the General Property Tax Act, subjecting the property to revaluation for tax purposes (Const 1963, art 9, § 3; MCL 211.27a[6][h]).

*Honigman Miller Schwartz & Cohn LLP* (by *Jeffrey A. Hyman, Michael B. Shapiro,* and *Daniel L. Stanley*), for the petitioner.

*Stephen K. Postema,* City Attorney, and *Kristen D. Larcom,* Senior Assistant City Attorney, for the respondent.

Before: BANDSTRA, P.J., and FITZGERALD and WHITE, JJ.

PER CURIAM. The question presented is whether the sale of all the membership interests in a limited liability corporation (LLC) that owns all the membership interests in another LLC that owns real property constitutes a "transfer of ownership" of the property within the meaning of the General Property Tax Act (GPTA), MCL 211.1 *et seq.,* which permits the taxable value of property to be reassessed in conformity with the state equalized value upon a transfer of ownership of the property. MCL 211.27a. We conclude that a transfer of ownership took place, and we affirm.

I

Petitioner appeals as of right, MCL 205.753(1), the order of the Michigan Tax Tribunal (MTT) granting summary disposition in favor of respondent pursuant to MCR 2.116(C)(10). This case was submitted with *Burlington Property, LLC v City of Ann Arbor,* 269 Mich App 690; ___ NW2d ___ (2006).

Pursuant to the Michigan Constitution and the GPTA, property may not be assessed at more than 50 percent of its "true cash value," or fair market value. Const 1963, art 9, § 3; MCL 211.27a(1). Additionally, Const 1963, art 9, § 3 limits annual increases in property valuation for taxation purposes until ownership of the property is transferred. An assessment, or "taxable value," may not be annually increased at more than the rate of inflation or five percent, whichever is less. *Id.* Because this limitation undervalues property in relation to market factors, a "state equalized valuation" is calculated and maintained to more accurately reflect property value increases. MCL 211.27a(3); House Legislative Analysis, HB 5945, January 5, 1995, p 1. The Michigan Constitution permits the property's taxable value to be reassessed according to the following year's

state equalized value upon the sale or transfer of the property, Const 1963, art 9, § 3; MCL 211.27a(3). In this case, petitioner challenges respondent's determination that a "transfer of ownership" occurred, thereby permitting the reassessment of the subject property in line with the state equalized value.

Signature Villas Apartments, L.L.C. (petitioner), owns property located within the city of Ann Arbor. In 2001, following the consummation of a transaction transferring ownership interest in a Michigan LLC and its related holdings, which included all the ownership interest in petitioner, respondent "uncapped" the taxable value of petitioner's property for the taxable year. This resulted in an increase in the taxable value of petitioner's property, as the property's state equalized value supplanted its prior assessed value. Petitioner challenged respondent's valuation and uncapping before the MTT.

The parties stipulated the following facts: Petitioner owns property subject to respondent's real property taxation purview. Signature Villas Investments, L.L.C. (Holding LLC), a Michigan limited liability company, owns all the membership interests in petitioner. Before July 18, 2000, Signature Villas Associates (Seller), a Michigan general partnership, owned all the membership interests in Holding LLC. On July 18, 2000, Seller sold all its membership interests in Holding LLC to WW Villas, LLC (Buyer). Consequently, "[Buyer] acquired the membership interests in [Holding LLC], the entity that owns the membership interests in [p]etitioner," i.e., the entity that owns the subject property.

Following cross-motions for summary disposition, the MTT hearing officer issued an opinion and proposed

order concluding that "there was a 'transfer of owner-ship' of the subject real property under MCL 211.27a(3) and (6)."[1]

Petitioner pursued an administrative appeal to the MTT. The full MTT panel affirmed the proposed order, pursuant to MCL 205.726. This appeal followed. MCL 205.753.

II

Appellate courts review de novo rulings on motions for summary disposition. *McClements v Ford Motor Co*, 473 Mich 373, 380; 702 NW2d 166 (2005). A motion brought pursuant to MCR 2.116(C)(10) entitles the movant to summary disposition where there is no genuine issue of material fact and the moving party is

---

[1] In reaching this conclusion, the officer concluded that § 27a is ambiguous. Upon examining the statutory language, various authorities, the ostensible statutory purposes, and the implications of petitioner's proposed statutory construction, the hearing officer reasoned as follows:

> In this case, the result sought by [p]etitioner is not mandated by a literal application of the statute. There is no express exclusion for the transaction described above. Rather, [p]etitioner asks the [t]ribunal to find an exception that swallows the rule, and that would allow the subject property and all other property transferred in a similar manner to avoid uncapping in perpetuity.

> On July 18, 2000, [Seller] held title to the subject real property. At the end of the day, [Seller] did not hold title to the property, and held no interest in the property or in the entity that held title to the property. The statute does not create a safe harbor that allows a taxpayer to structure a transaction in this manner to avoid an uncapping of taxable value. The statutory definition of "transfer of ownership" is broad enough to include the transaction at hand; and, expressly includes such a transaction under MCL 211.27a(6)(h).

Accordingly, the officer concluded that there was no genuine issue of material fact and granted respondent's motion for summary disposition.

entitled to judgment as a matter of law. *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In deciding such a motion, "the pleadings, depositions, admissions, and documentary evidence" submitted by the parties must be considered in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Nastal v Henderson & Assoc Investigations*, 471 Mich 712, 721; 691 NW2d 1 (2005).

Also, "[q]uestions of statutory interpretation are reviewed de novo." *Ayar v Foodland Distributors*, 472 Mich 713, 715; 698 NW2d 875 (2005). "Clear and unambiguous statutory language is given its plain meaning, and is enforced as written." *Id.*, 716. Although statutory interpretation is a question of law that is a judicial prerogative, this Court "generally defer[s] to the Tax Tribunal's interpretations of the statutes it administers and enforces." *Schultz v Denton Twp*, 252 Mich App 528, 529; 652 NW2d 692 (2002).

A

We reject petitioner's claims that the instant transaction was not a transfer of ownership under § 27a(6) or § 27a(6)(h), and that the MTT erred in concluding otherwise.

The Michigan Constitution provides:

> For taxes levied in 1995 and each year thereafter, the legislature shall provide that the taxable value of each parcel of property adjusted for additions and losses, shall not increase each year by more than the increase in the immediately preceding year in the general price level, as

defined in section 33 of this article, or 5 percent, whichever is less until ownership of the parcel of property is transferred. When ownership of the parcel of property is transferred as defined by law, the parcel shall be assessed at the applicable proportion of current true cash value. [Const 1963, art 9, § 3.]

MCL 211.27a implements this provision. It establishes ceilings for "taxable value" increases, provided that the subject property has not been transferred. Section 27a(2). Upon the "transfer of ownership" of such property, the taxable value is adjusted to the state equalized value. Section 27a(3). At issue in this appeal is the meaning of the phrase "transfer of ownership."

Statutorily defined, " 'transfer of ownership' means the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." Section 27a(6). This definition includes, but is not limited to,

[a] conveyance of an ownership interest in a corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity if the ownership interest conveyed is more than 50% of the corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity. . . . [MCL 211.27a(6)(h).]

We do not agree with the hearing officer's conclusion that § 27a(6)(h) is ambiguous. Rather, we conclude that this section specifically and unambiguously includes the instant transaction as one involving a "transfer of ownership" of the subject property.

The parties stipulated that Seller conveyed its ownership interests in Holding LLC to Buyer, and that Buyer "acquired all" the interests in Holding LLC from Seller. This transaction constituted a conveyance of an

ownership interest in more than 50 percent of the limited liability company. Section 27a(6)(h). By the plain language of the statute, the transaction that occurred was unambiguously a "transfer of ownership" because it transferred ownership of the property at issue from buyer to seller, by transferring ownership of the membership interests in the LLC. See *Ayar, supra* at 716, citing *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002). ("Clear and unambiguous statutory language is given its plain meaning, and is enforced as written."). "[J]udicial construction is [therefore] neither required nor permitted." *Reed v Yackell,* 473 Mich 520, 529; 703 NW2d 58 (2005).

Petitioner argues, however, that given the narrow construction afforded taxation statutes, § 27a(6)(h) cannot be interpreted as governing the instant transaction. Petitioner asserts that § 27a(6)(h) only applies to the conveyance of ownership interests in legal entities *that own property,* and does not apply to the conveyance of the ownership of a company *that owns a company* that owns property. We disagree.

As the MTT correctly noted, in order to accept petitioner's reasoning, § 27a(6)(h) would have to be read as stating that a "transfer of ownership" includes "[a] conveyance of an ownership interest in a . . . limited liability company . . . if the ownership interest conveyed is more than 50% of the . . . limited liability company [*that owns property*]". It is well-established that a court "cannot read into the statute what is not there." *American Federation of State, Co and Muni Employees v Detroit Housing Comm,* 468 Mich 388, 412; 662 NW2d 695 (2003). In the absence of such language, the statute was drafted to have broader application than that suggested by petitioner. As the plain language

unambiguously applies to the transaction at issue, petitioner's argument must fail. *Ayar, supra* at 716.

B

Relatedly, petitioner argues that principles of statutory construction applicable to taxation statutes compel judgment in its favor, relying upon principles indicating that

> " ' "[i]n the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen." ' " [*Metzen v Dep't of Revenue*, 310 Mich 622, 627; 17 NW2d 860 (1945), quoting *Gould v Gould*, 245 US 151, 153; 38 S Ct 53; 62 L Ed 211 (1917) (citations deleted).]

> Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law. Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court. The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer. [*In re Dodge Bros*, 241 Mich 665, 669; 217 NW 777 (1928).]

As already explained, however, the plain language of § 27a(6)(h) unambiguously applies to the transaction at issue. Thus, such principles are irrelevant. It is not necessary to construe § 27a(6)(h); it need only be applied. *Casco Twp v Secretary of State*, 472 Mich 566, 571; 701 NW2d 102 (2005).

C

Invoking the *in pari materia* rule of statutory construction, that all statutes relating to the same subject

or having the same general purpose should be read in connection with the particular statute under interpretation, petitioner further urges that the Michigan Limited Liability Company Act (LLCA) governs the interpretation of § 27a(6)(h). The LLCA states, "A member [of an LLC] has no interest in specific limited liability company property." MCL 450.4504(2). Section 27a(6) requires that, for there to be a transfer of ownership, either title to or a present interest in, and beneficial use of, property must be conveyed. Petitioner accordingly reasons that the conveyance of an LLC that owns an LLC that owns property does not convey a present interest in property, inasmuch as the LLCA precludes LLC members from having ownership interests in LLC property.

Petitioner's rationale, however, would render the reference in § 27a(6)(h) to limited liability companies nugatory. Section 27a(6)(h) is an example of a transfer of ownership of property, as defined in § 27a(6), because the latter "includes, but is not limited to," the former. If § 4504(2) of the LLCA governs the interpretation of "present interest" in § 27a(6), no transfer of membership interests in a legal entity—whether owning property directly or indirectly—could constitute a conveyance of a "present interest" because, pursuant to § 4504(2), no "present interest" in the property is represented by the membership interests. This result would ensue whether the legal entity the membership interests of which are transferred directly owns the subject property or indirectly does so through a subsidiary. A cardinal rule of statutory interpretation is that statutory language cannot be rendered surplusage or nugatory. *Reed, supra* at 537. Accordingly, the GPTA and LLCA, specifically § 27a(6) and § 4504(2), cannot be read *in pari materia,* as urged by petitioner.

D

Petitioner further argues that State Tax Commission (STC) and Department of Treasury (collectively "agencies") guidelines interpreting § 27a(6)(h) support its interpretation of this section. These guidelines provide as follows:

> Ownership Changes of Legal Entities (Corporations, Partnerships, Limited Liability Companies, etc.)
>
> Can the conveyance of an ownership interest of a legal entity (such as a corporation, a partnership, etc.) which owns property be a transfer of ownership—even though title to the property remains unchanged?
>
> Yes, a conveyance of an ownership interest in a legal entity (such as a corporation, a partnership, etc.) which owns property is a transfer of ownership of that property provided that the ownership interest conveyed is more than 50 percent of the total ownership interest (and provided that no statutory exception or exemption applies).
>
> Note: The law states that a transfer of ownership occurs when more than 50 percent of the ownership interest of a corporation changes. This law, however, is not applicable to cooperative housing corporations. Cooperative housing corporations are discussed separately in this publication, starting on page 7. [*Transfer of Ownership and Taxable Value Uncapping Guidelines,* Dep't of Treasury, State Tax Comm, Property Tax Div, March 31, 2001, p 6.]

Petitioner relies heavily on the agencies' conclusion that "a conveyance of an ownership interest in a legal entity . . . *which owns property*" constitutes a transfer of ownership under § 27a(6)(h). However, the question addressed by the agencies was whether "the conveyance of an ownership interest of a legal entity *which owns property*" could constitute a transfer of ownership under § 27a(6)(h). The agencies did not address the related question presented in the instant appeal. Petitioner's reliance on these guidelines is thus unpersuasive.

Further, although the guidelines address only the stated question whether "the conveyance of an ownership interest of a legal entity . . . which owns property" can be a transfer of ownership even though title to the property remains unchanged, the guidelines note that "[t]he law states that a transfer of ownership occurs when more than 50 percent of the ownership interest of a corporation changes." This suggests a broader interpretation of § 27a(6)(h) from the agencies' perspective.

Petitioner has consequently failed to establish that the MTT erred in granting summary disposition to respondent. Section 27a(6)(h) clearly and unambiguously applies to the instant transaction.

III

Petitioner next argues that the MTT erred in considering unstipulated documentary evidence when ruling on the parties' respective motions for summary disposition. Again, we disagree.

In addition to the stipulation set forth above, petitioner submitted documentation to the MTT indicating that the original purchase agreement provided for the purchase of the property outright, and that subsequently new agreements were entered into that restructured the transaction as one for the sale and purchase of membership interests in a holding company.[2]

As a threshold matter, the MTT rules of practice and procedure provide that "[i]f an applicable entire tribunal rule does not exist, the 1995 Michigan Rules of Court, as amended, . . . shall govern." 1999 AC, R 205.1111(4).

---

[2] The restructured transaction also included an indemnification agreement addressing the issue presented in this appeal.

Therefore, provisions of the Michigan Court Rules apply, where applicable, to MTT dispositions.

MCR 2.116(A)(1) provides that "[t]he parties to a civil action may submit an agreed-upon stipulation of facts to the court." In discussing stipulations of fact, the Michigan Supreme Court has stated

> that the practice of submission of questions to any adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them. This holding requires no supporting citation. The necessity of the rule is apparent. A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based. Any deviation therefrom results in a denial of due process for the obvious reason that both parties by accepting the stipulation have been foreclosed from making any testimonial or other evidentiary record. [*Dana Corp v Employment Security Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963).]

This broad holding recognizes that "[i]n general, when a case is submitted to a governmental agency on stipulated facts, as occurred here, those facts are to be taken as conclusive." *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 665; 649 NW2d 760 (2002). It does not indicate, however, that the record is necessarily limited to the stipulation. Where the parties' stipulation is not contradicted, it is within the discretion of the tribunal to permit or consider additional proofs supplementing the same. *Kennedy v Auto-Owners Ins Co*, 87 Mich App 93, 98; 273 NW2d 599 (1978). The MTT's ruling was therefore not presumptively improper.

The parties brought motions pursuant to MCR 2.116(C)(10), seeking judgment as a matter of law. MCR 2.116(G)(5) states that "[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence *then filed in the action* or submitted by the parties, *must be considered by the court* when the motion is based on subrule [(C)(10)]." (Emphasis added.) The documentary evidence relied on by the MTT was submitted by petitioner in a prehearing discovery motion. It was, therefore, not improper for the MTT to consider the submitted documentation, despite the parties' stipulation. *Kennedy, supra* at 98.

Relying on MCR 2.116(A), petitioner nevertheless argues that the MTT erred in considering the additional documentary evidence, because the parties' stipulation was sufficient to enable judgment to be rendered. MCR 2.116(A)(2) provides that "[i]f the parties have stipulated to facts sufficient to enable the court to render judgment in the action, the court shall do so." To the extent that petitioner is accurate in this regard, we again find no error requiring reversal, because the parties' stipulation was sufficient to justify judgment favoring respondent, pursuant to § 27a(6)(h). As judgment was proper under the stipulated facts, MCR 2.116(A) supports the MTT's decision. Because judgment was properly granted for respondent in any event, petitioner's argument that the MTT improperly considered unstipulated evidence is moot. The result was proper.

Affirmed.