# STATE OF MICHIGAN

# COURT OF APPEALS

MARK GATT,

        Petitioner-Appellant,

v

TOWNSHIP OF MARION,

        Respondent-Appellee.

UNPUBLISHED
December 8, 2015

No. 323473
Tax Tribunal
LC No. 00-426120

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM.

Petitioner, Mark Gatt, appeals as of right the Michigan Tax Tribunal's opinion after remand, establishing his property's true cash value (TCV), state equalized value (SEV), and taxable value (TV) for tax years 2011 and 2012. This Court previously remanded for the Tribunal to support its decision with competent, material, and substantial evidence. On remand, the Tribunal reduced its value findings and provided explanations. We affirm.

## I. BACKGROUND FACTS

In our prior opinion, *Gatt v Marion Twp*, unpublished opinion per curiam of the Court of Appeals, issued February 11, 2014 (Docket No. 313656), this Court succinctly set forth the factual background of this case:

> The tax assessments for petitioner's residential property (the "subject property") have been at issue in at least two separate proceedings before the Tribunal. In the previous proceedings, petitioner successfully obtained relief for tax years 2009 and 2010 when the Tribunal reduced the tax assessments for the subject property as follows:

| | TCV | SEV | TV |
|---|---|---|---|
| 2009 | $955,000 to $465,000 | $477, 800 to 232,500 | $477,800 to $232,500 |
| 2010 | $901,200 to $433,400 | $450, 600 to $216,700 | $450,600 to $216,700 |

> Petitioner and his wife transferred the subject property to his parents in December 2010, and petitioner's parents transferred the subject property back to

petitioner and his wife in June 2011. The December 2010 transfer "uncapped" the subject property in tax year 2011, and the June 2011 transfer "uncapped" the subject property in tax year 2012. See MCL 211.27a(3). Respondent reassessed the subject property for tax years 2011 and 2012 as follows:

|      | TCV       | SEV       | TV        |
|------|-----------|-----------|-----------|
| 2011 | $750,000  | $375,000  | $375,000  |
| 2012 | $806,800  | $403,400  | $403,400  |

Petitioner appealed the 2011 and 2012 assessments to the Tribunal. In its proposed opinion and judgment, the Tribunal accepted the assessments and comparable sales identified by respondent. [*Id*. at 1-2 (footnote omitted).]

In Gatt's previous appeal, this Court concluded that, because of the significant and unexplained increase in the taxable value of the property from 2010 to 2011, "the Tribunal may have employed a 'wrong principle' to determine the TCV of the petitioner's property." *Id*. at 5. This Court reversed the assessment and remanded the matter to the Tribunal and instructed it to "reconsider the subject property's taxable values for tax years 2011 and 2012, give due respect to the finality of the established 2010 valuation, and ensure that its valuation is supported by competent and substantial evidence." *Id*.

After remand, the Tribunal modified the property's 2011 and 2012 values as follows:

|      | TCV       | SEV       | TV        |
|------|-----------|-----------|-----------|
| 2011 | $694,598  | $347,299  | $347,299  |
| 2012 | $747,200  | $373,600  | $373,600  |

This resulted in respective decreases in taxable value of $27,701 for the 2011 tax year and $29,800 for the 2012 tax year.

## II. STANDARDS OF REVIEW

This Court's review of a decision by the Tax Tribunal is limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). We must accept the Tax Tribunal's factual findings if "competent, material, and substantial evidence on the record" supports them. Const 1963, art 6, § 28. *Id*. at 527. Substantial evidence supports the Tax Tribunal's findings if a reasonable person would accept the evidence as sufficient to support the conclusion. *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004). Substantial evidence "may be substantially less than a preponderance." *Id*. This Court reviews de novo the interpretation and application of tax statutes. *Mich Props*, 491 Mich at 528.

## III. ANALYSIS

First, Gatt contends that the Tribunal's decision was not supported by competent, material, and substantial evidence because the property's taxable value drastically increased from 2010 to 2011. We disagree.

As the Tribunal explained on remand, it was entitled to disregard the 2010 assessment because Gatt transferred the property's ownership. MCL 211.27a limits "annual increases in property valuation for taxation purposes until ownership of the property is transferred." *Signature Villas, LLC v Ann Arbor*, 269 Mich App 694, 696; 714 NW2d 392 (2006). MCL 211.27(a)(2) provides that the Tribunal must refer to the property's taxable value in the previous year as its starting point for taxable value in subsequent years, but MCL 211.27(3) permits a township to reassess the property's true cash value on a transfer of ownership. *Id.* at 697. A reassessment may substantially increase the property's taxable value. See *Klooster v Charlevoix*, 488 Mich 289, 293-294; 795 NW2d 578 (2011) (upholding an increase from $37,802 to $72,300).

In this case, Gatt transferred the property to his parents in 2010. This ownership transfer permitted reassessment of the property's value in 2011. Accordingly, we conclude that the Tribunal did not err by failing to consider the property's 2010 true cash value.

Second, Gatt contends that the Tribunal erroneously found that he engaged in additional construction in the 2011 or 2012 tax years. We conclude that the record does not support this contention.

A reading of the record indicates that the Tribunal's 2010 determination of true cash value did not consider any additional construction that Gatt completed in 2009 or 2010. At a June 22, 2010 hearing regarding his 2009 and 2010 assessments, Gatt testified that the subject property was incomplete and the list of damage and undone, incomplete, or poorly executed work was substantial. He estimated $800,000 in necessary repairs and $250,000 in damages, but testified that only "some repairs [had] been made." In contrast, Marion Township contended that Gatt received a certificate of occupancy in December 2009, and the repairs were complete. Marion Township argued that the Tribunal could consider the additions for the 2010 tax year. In light of the conflicting evidence, the Tribunal decided not to consider the value of the additions when finding the property's 2010 true cash value.

But regarding the 2011 and 2012 true cash values, the Tribunal determined that "[t]he uncapping of the property's taxable value for 2011 based on the 2010 transfer . . . eliminated the need to specifically address the valuation of the additions that were, in fact, completed." Regardless of whether the additions were completed in 2009 or 2010, it is undisputed that those additions were completed by the 2011 tax year. At that point, the property's true cash value was uncapped, and the trial court was entitled to consider the value of the additions.

We conclude that the Tribunal did not err. It did not double-count the additions or find that Gatt engaged in additional construction.

Third, Gatt contends that the Tribunal improperly disregarded his appraisals and used incomparable sales to arrive at its value determination. Again, we disagree.

The Legislature has provided that "property shall be assessed at 50% of its true cash value[.]" MCL 211.27a(1). True cash value is defined as "the usual selling price . . . that could be attained for the property at a private sale. . . ." MCL 211.27(1). True cash value and fair market value are synonymous, and both are "the probable price that a willing buyer and a willing seller would arrive at through arm's length negotiation." *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007). The Tax Tribunal has the duty to determine the property's true cash value under the approach that most accurately reflects the value of the property. *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 485; 473 NW2d 636 (1991). The Tribunal may consider multiple approaches to determine a property's true cash value and should correlate, reconcile, and weigh the values to determine a final estimate of the property's value. *Id*. at 484-486. However, it may not simply disregard a petitioner's valuations in favor of a respondent's. *Jones & Laughlin Steel Corp v Warren*, 193 Mich App 348, 356; 483 NW2d 416 (1992).

In this case, the Tribunal gave cogent reasons for disregarding Gatt's appraisals. The 2010 appraisal by PNC Bank did not state the property's correct square footage. It lacked supporting documentation, and the broker who prepared that appraisal failed to attend the hearing to explain the discrepancies or support his methodology, including an adjustment of $15 a square foot for which the Tribunal could not find support. The 2011 appraisal by Gold Star Mortgage was prepared for a non-arm's-length transaction and significantly overstated the property's square footage. The Tribunal was entitled to reject these appraisals. See *Meadowlanes*, 437 Mich at 484-485.

The record does not support Gatt's contentions that the Tribunal considered incomparable sales. The Tribunal refused to consider Marion Township's proposed comparable sales in Brighton and in Genoa Township. It only considered the third comparable sale, which involved a property that sold in April 2011 for $750,000.

Based on the single comparable sale, the assessor arrived at proposed 2012 true cash value for Gatt's property of $782,200. Regarding the differences between the April 2011 property and Gatt's property, Marion Township's assessor adjusted for the comparable property's superior location, larger size, finished basement, greater acreage, newer construction date, and additional features. Importantly, the Tribunal did not blindly adopt the assessor's proposed value. It rejected some of the adjustments and arrived at a 2012 true cash value of $747,200 for Gatt's property. It then deducted the market increase of the property from 2011 to 2012 to determine the property's true cash value in 2011.

Reviewing the Tribunal's decision on remand, we find it to be thoughtful and well-reasoned. The Tribunal did not simply adopt Marion Township's proposed assessments, but rather it made an independent valuation of the property's true cash value. Though there was a drastic increase in the property's taxable value from the 2010 to 2011 tax year, the reasons for the increase included the uncapping of the property's true cash value, the additional construction that was not previously considered, and the comparable sale. We conclude that competent, material, and substantial evidence supported the Tribunal's decision.

We affirm.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Kurtis T. Wilder