LICAVOLI v LICAVOLI

Docket No. 295901. Submitted April 13, 2011, at Lansing. Decided April 26, 2011, at 9:20 a.m.

James Licavoli (plaintiff) obtained a divorce from Konnie Licavoli (defendant) in the Bay Circuit Court. The divorce judgment required plaintiff to pay defendant child support and alimony and awarded plaintiff the home he had acquired in Bay City during the divorce proceedings. Plaintiff later remarried and deeded the Bay City home to himself and his new wife as tenants by the entirety. Subsequently, plaintiff stopped making child support and alimony payments. Defendant moved to enforce the divorce judgment. The court, William J. Caprathe, J., ultimately ordered the attachment of the Bay City home to satisfy the divorce judgment and also ordered that 50 percent of plaintiff's income be withheld to pay his spousal support obligation. Plaintiff appealed.

The Court of Appeals *held*:

1. MCL 600.2807(1) provides that a judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both spouses. This is a clear legislative mandate protecting property owned as tenants by the entirety from judgment liens intended to satisfy a debt against only one spouse. As a result, notwithstanding the broad discretion given to trial courts to do equity regarding the disposition of property in divorce cases, property owned as tenants by the entirety cannot be attached to satisfy a debt arising from the divorce judgment related to a previous marriage. The trial court erred by ordering the attachment of the property.

2. Because defendant failed to comply with court orders to pay child support and alimony for a significant length of time, the trial court's order that 50 percent of plaintiff's income be withheld to satisfy his support obligation was appropriate. The percentage to be withheld did not exceed the federal withholding limits set forth in 15 USC 1673(b).

Affirmed in part, reversed in part, and remanded for further proceedings.

DIVORCE — DELINQUENT SUPPORT OBLIGATIONS — ATTACHMENT OF PROPERTY — TENANTS BY THE ENTIRETY.

A judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both spouses; notwithstanding the broad discretion given to trial courts to do equity in divorce cases, property owned as tenants by the entirety cannot be attached to satisfy a debt arising from a divorce judgment related to a previous marriage (MCL 600.2807[1]).

*Smith & Brooker, P.C.* (by *George B. Mullison*), for plaintiff.

*Hauffe & Hauffe, P.C.* (by *John A. Picard* and *Irwin F. Hauffe, II*), for defendant.

Before: METER, P.J., and SAAD and WILDER, JJ.

SAAD, J. Plaintiff appeals the trial court's order that granted defendant's motion to attach assets jointly owned by plaintiff and his current wife. Plaintiff also appeals the trial court's spousal support income withholding order that withholds 50 percent of plaintiff's earnings. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEEDINGS

The parties were divorced pursuant to a judgment entered on September 13, 2005. The divorce judgment contained a provision setting child support and spousal support/alimony for a specified period. During the divorce proceedings, plaintiff acquired a home at 413 South Madison in Bay City, and the divorce judgment awarded the home to plaintiff. Plaintiff remarried in 2005 and, thereafter, recorded a quitclaim deed, deeding the South Madison house jointly to himself and his new wife.

When the divorce judgment was entered, plaintiff was the owner and operator of Bay County Abstract, Inc., which he was also awarded in the divorce judgment. As a result of a downturn in the housing market, Bay County Abstract ceased operations, plaintiff filed for Chapter 7 bankruptcy and stopped making alimony and child support payments. Defendant then moved to enforce the divorce judgment. The trial court entered orders on June 22, 2007, and September 25, 2007, ordering the release of funds from plaintiff's individual retirement accounts to pay child support and alimony that plaintiff owed defendant. Plaintiff remained delinquent in his payments to defendant, and she filed another motion to enforce the judgment. In an April 3, 2009, order, the trial court directed the liquidation of plaintiff's 401(k) account and ordered that the proceeds be paid to defendant. The court later issued a written opinion and lien ordering the attachment of the South Madison house in order to satisfy the divorce judgment. The court also ordered that 50 percent of plaintiff's current income be withheld to pay his spousal support obligation.

## II. ANALYSIS

### A. SOUTH MADISON HOME

Plaintiff argues that the trial court erred when it ordered the attachment of the South Madison home jointly owned by plaintiff and his new wife as tenants by the entirety in order to provide for payments to defendant as spousal support. As this Court explained in *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005),

[i]n granting a divorce judgment, the trial court must make findings of fact and dispositional rulings. *Sands v Sands,*

442 Mich 30, 34; 497 NW2d 493 (1993). The trial court's factual findings will not be reversed unless they are clearly erroneous, i.e., if this Court is left with the definite and firm conviction that a mistake has been made. *Id.*; *Draggoo v Draggoo*, 223 Mich App 415, 429; 566 NW2d 642 (1997). If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts. *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). The trial court's dispositional ruling is discretionary and will be affirmed unless this Court is left with the firm conviction that it was inequitable. *Id.* at 152; *Draggoo, supra* at 429-430.

This Court reviews de novo issues of statutory interpretation. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 20; 777 NW2d 722 (2009). The goal of statutory interpretation is to give effect to the intent of the Legislature. *Kuznar v Raksha Corp*, 481 Mich 169, 176; 750 NW2d 121 (2008). If statutory language is unambiguous, the Legislature is presumed to have intended the plain meaning of the statute. *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). An unambiguous statute must be enforced as written. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007).

In ordering attachment of the South Madison house, the trial court relied on *Wood v Savage*, 2 Doug 316 (Mich, 1846), and held that "if a person is indebted at the time the transfer is made that asset remains available for use by [defendant] despite it being held as Tenants by the Entirety." However, *Wood* predates the applicable statute, MCL 600.2807(1), which provides, "A judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." As this Court explained in *Walters v Leech*, 279 Mich App 707, 711-712; 761 NW2d 143 (2008),

[our] longstanding common law provides that, when a deed is conveyed to a husband and wife, the property is held as a tenancy by the entirety. *Morgan v Cincinnati Ins Co*, 411 Mich 267, 284; 307 NW2d 53 (1981) (opinion by FITZGERALD, J.). In a tenancy by the entirety, the husband and wife are considered one person in the law. *Id.* They cannot take the property in halves. *Id.* Rather, the property is seised by the entirety. *Id.* The consequence is that neither the husband nor the wife can dispose of the property without the assent of the other and the whole property must remain to the survivor. *Id.* Therefore, at the heart of a tenancy by the entirety is the right of survivorship, meaning that when one party dies, the other party automatically owns the whole property. 1 Cameron, Michigan Real Property Law (3d ed), § 9.14, p 328.

As a general proposition under the common law, property that is held as a tenancy by the entirety is not liable for the individual debts of either party. *Id.* at § 9.16, p 330; *Rossman v Hutchinson*, 289 Mich 577, 588; 286 NW 835 (1939) (stating that "[e]ntireties property is liable to execution for joint debts of husband and wife"). Our Legislature codified this proposition with respect to judgment liens in MCL 600.2807. MCL 600.2807 became effective September 1, 2004, and provides that "[a] judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." MCL 600.2807(1).

Therefore, though Michigan law grants the trial court in a divorce case broad discretion to do equity regarding the disposition of property, within the outline of those factors articulated by our Supreme Court in *Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992), Michigan's Legislature made it clear in MCL 600.2807 that a judgment lien does not attach to property owned as tenants by the entirety unless the judgment is against both the husband and wife. The underlying judgment here is the divorce judgment, which was not

entered against plaintiff and his current wife. Accordingly, even the broad discretion afforded the court to make dispositional rulings is circumscribed by the clear legislative mandate to protect property held as a tenancy by the entirety from lien attachments unless the underlying debt is the debt of both husband and wife. Therefore, the property here could not be attached by judgment lien to satisfy the divorce judgment, and we reverse the trial court's order granting defendant's motion on this issue.[1]

### B. INCOME WITHHOLDING

We affirm the trial court's income withholding order in the amount of 50 percent of plaintiff's salary. Under the Federal Consumer Credit Protection Act, specifically 15 USC 1673(b), the federal limit on withholding is usually 50 percent of disposable income, but may be increased to as much as 65 percent. Though plaintiff may have experienced financial troubles that made it difficult for him to meet his obligations, he failed to comply with the court's orders to pay child support or spousal support for a significant length of time and, therefore, we affirm the trial court's order.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

METER, P.J., and WILDER, J., concurred with SAAD, J.

---

[1] In light of this holding, we need not decide whether the amount of the lien was correct.