SEBASTIAN J MANCUSO FAMILY TRUST v CITY OF CHARLEVOIX

Docket No. 309813. Submitted January 10, 2013, at Lansing. Decided February 5, 2013. Approved for publication March 19, 2013, at 9:00 a.m.

The Alice V. Mancuso Family Trust (Alice Trust) conveyed a condominium to the Sebastian J. Mancuso Family Trust (Sebastian Trust). Edwin D. Mancuso and Sebastian D. Mancuso were trustees for both trusts. Following the conveyance, the city of Charlevoix reassessed the property and raised its taxable value to the state equalized value for the calendar year following the assessment, a process known as uncapping that occurs under MCL 211.27a(3) following a transfer of ownership. MCL 211.27a(6)(c) defines "transfer of ownership" as including conveyances to a trust. MCL 211.27a(7)(*l*), however, provides an exception from uncapping for transactions between commonly controlled legal entities. The Sebastian Trust appealed the taxable value in the Tax Tribunal, asserting that the trusts were commonly controlled entities because they have the same trustees. Both the Sebastian Trust and the city moved for summary disposition. The tribunal granted the city's motion, concluding that the trusts could not be commonly controlled entities because under Revenue Administrative Bulletin 1989-48, that status requires that the entities be involved in a trade or business. The Sebastian Trust appealed.

The Court of Appeals *held*:

Even assuming without deciding that the tribunal erred by imposing a business-activity requirement, the Sebastian Trust still could not prevail because it and the Alice Trust were not commonly controlled within the meaning of MCL 211.27a(7)(*l*). Simply having the same trustee does not satisfy the statutory requirement because the statute requires a change in the ownership of the property, not a change in the property's managers. A trustee manages trust property held in trust for the benefit of the trust beneficiaries. Although the trustee has extensive control over the trust, he or she is ultimately liable to the beneficiaries. Under MCL 211.27a(6), a transfer of ownership occurs when the property is transferred from one owner to a wholly new owner. Thus, the

Alice Trust and the Sebastian Trust were not commonly controlled, and the exception in MCL 211.27a(7)(*l*) did not apply.

Affirmed.

TAXATION — PROPERTY TAX — UNCAPPING OF TAXABLE VALUE — TRANSFER OF OWNERSHIP — EXCEPTIONS — COMMONLY CONTROLLED LEGAL ENTITIES — TRUSTS.

The taxable value of real property is reassessed upon a transfer of ownership of property at the state equalized value for the calendar year following the assessment, which is a process known as uncapping; a transfer of ownership includes a conveyance to a trust, but an exception to the definition applies to transactions between commonly controlled legal entities; the exception requires a change in the ownership of the property, not a change in the property's managers, and a transferring trust and receiving trust that have the same trustees are not commonly controlled legal entities for purposes of the exception simply by virtue of having the same trustees (Const 1963, art 9, § 3; MCL 211.27a[3], [6][c], [7][*l*]).

*Steinhardt Pesick & Cohen* (by *Jason C. Long*) for the Sebastian J. Mancuso Family Trust.

*Young, Graham, Elsenheimer & Wendling, P.C.* (by *Lori A. Luckett*), for the city of Charlevoix.

Amicus Curiae:

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Matthew B. Hodges*, Assistant Attorney General, for the State Tax Commission.

Before: OWENS, P.J., and FITZGERALD and RIORDAN, JJ.

PER CURIAM. Petitioner appeals as of right an order of the Tax Tribunal denying petitioner's motion for summary disposition and granting summary disposition pursuant to MCR 2.116(I)(2) in favor of respondent, the city of Charlevoix. The tribunal determined that petitioner's acquisition of real property was a transfer of

ownership that uncapped the taxable value of the property under the General Property Tax Act (GPTA), MCL 211.1 *et seq*. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner is the Sebastian J. Mancuso Family Trust. Edwin W. Mancuso and Sebastian D. Mancuso are the successor trustees of the trust. They are also the trustees for the Alice V. Mancuso Family Trust (Alice Trust).[1] The trustees conveyed a condominium from the Alice Trust to petitioner by means of a warranty deed. Following this conveyance, respondent reassessed the property and raised the taxable value of the property beginning with tax year 2007.

Petitioner appealed the taxable value of the property to the Tax Tribunal. Both parties moved for summary disposition. Petitioner asserted that the conveyance of the property from the Alice Trust to petitioner was not a transfer of ownership that would operate to remove the cap of the property's taxable value. Specifically, petitioner asserted that the Alice Trust and petitioner are commonly controlled legal entities and, therefore, a transfer of ownership did not occur because of the exception from the definition of "transfer of ownership" in MCL 211.27a(7)(*l*). On March 23, 2012, the tribunal issued an order denying petitioner's motion and granting respondent's motion. The tribunal opined in relevant part:

> As acknowledged by both parties, State Tax Commission Bulletin 16 of 1995 provides an interpretation of the statutory provisions regarding the "uncapping" of taxable value. With respect to the exception from the "uncapping"

---

[1] Edwin W. Mancuso and Sebastian D. Mancuso are jointly referred to as trustees in this opinion.

of taxable value applicable to transfers of property between commonly controlled legal entities, the [State Tax Commission] Bulletin provides that an entity under common control is as defined in the Michigan Revenue Administrative Bulletin 1989-48 [RAB 1989-48]. In that regard, the [revenue administrative bulletin] specifically provides that for entities transferring property to be considered as "commonly controlled," these entities must be involved in a trade or business.

The tribunal found persuasive this Court's decision in *C & J Investments of Grayling, LLC v City of Grayling*, unpublished opinion per curiam of the Court of Appeals, issued November 13, 2007 (Docket No. 270989). The tribunal noted that no subsequent precedential authority existed contrary to this Court's conclusion in *C & J Investments* that

RAB 1989-48 represents an authoritative interpretation of the phrase "commonly controlled" by the agency responsible for administering and enforcing the statute. A court will defer to the interpretation of statutes administered and enforced by the Tax Tribunal. Although tax statutes may not be extended by forced construction or implication . . . we conclude that RAB 1989-48 is not inconsistent with the plain meaning of "commonly controlled" in MCL 211.27a(7)(l). [*Id.* at 3-4 (citations omitted).]

The tribunal concluded that the provisions of MCL 211.27a(7)(*l*) do not apply if the entities are not involved in business activity.

II. STANDARD OF REVIEW

Our review of the Tax Tribunal's decision is limited to determining "whether the tribunal erred in applying the law or adopted a wrong principle . . . ." *Moshier v Whitewater Twp*, 277 Mich App 403, 407; 745 NW2d 523 (2007). Further, to the extent that we must construe the meaning of a statute, our review is de novo. *Signature*

*Villas, LLC v Ann Arbor*, 269 Mich App 694, 699; 714 NW2d 392 (2006). Our goal in interpreting a statutory provision is to ascertain the Legislature's intent. *Cain v Waste Mgt, Inc (After Remand)*, 472 Mich 236, 245; 697 NW2d 130 (2005). This is accomplished by first examining the language used in the statute itself. *Id.* If the language is plain and unambiguous, then we must apply the statute as written. *Signature Villas*, 269 Mich App at 699. In those instances, judicial construction is neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

### III. ANALYSIS

Petitioner essentially argues that the transfer of the property from the Alice Trust to petitioner did not involve a "transfer of ownership" within the meaning of MCL 211.27a(6) because the transfer fell within the exception set forth in MCL 211.27a(7)(*l*). We disagree.

The Michigan Constitution and Michigan statutory law permit the taxable value of real property to be reassessed upon the sale or transfer of the property at the state equalized value for the calendar year following the assessment. Const 1963, art 9, § 3; MCL 211.27a(3); *Signature Villas*, 269 Mich App at 696-697. This is known as "uncapping" the taxable value. *Id.* at 697. Uncapping occurs whenever a transfer of ownership occurs. MCL 211.27a(3). "[T]ransfer of ownership" is "the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." MCL 211.27a(6). The GPTA includes a nonexhaustive list of events that will constitute a transfer of ownership, MCL 211.27a(6), and events that do not constitute such a transfer, MCL 211.27a(7). The

uncapping of a parcel's taxable value typically results in a higher tax assessment, as was the case here.

There appears to be no dispute that the conveyance in this case is covered by the general rule in MCL 211.27a(6)(c), which provides:

> "[T]ransfer of ownership" means the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest. Transfer of ownership of property includes, but is not limited to, the following:
>
> \* \* \*
>
> (c) A conveyance to a trust after December 31, 1994, except if the settlor or the settlor's spouse, or both, conveys the property to the trust and the sole present beneficiary or beneficiaries are the settlor or the settlor's trust, or both.

Accordingly, the conveyance was a transfer of ownership under MCL 211.27a(6)(c) unless one of the exceptions of MCL 211.27a(7) was applicable. Tax-exemption statutes are generally construed narrowly in favor of the taxing authority, and we generally defer to the tax tribunal's interpretation of a statute that it is charged with administering and enforcing. *Moshier*, 277 Mich App at 409.

Under MCL 211.27a(7)(*l*), transfer of ownership does not include

> [a] transfer of real property or other ownership interests among corporations, partnerships, limited liability companies, limited liability partnerships, or other legal entities if the entities involved are commonly controlled. Upon request by the state tax commission, a corporation, partnership, limited liability company, limited liability partnership, or other legal entity shall furnish proof within 45 days that a transfer meets the requirements of this subdivision.

The exception in MCL 211.27a(7)(*l*) applies if (1) the transaction is between legal entities and (2) the legal

entities involved are commonly controlled. Even assuming that trusts are legal entities within the meaning of the statute, the exception applies only if the legal entities are commonly controlled. MCL 211.27a does not define "commonly controlled." "A court may consult dictionary definitions when terms are not expressly defined by a statute." *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 604; 575 NW2d 751 (1998). The term "common" is defined adjectivally as "belonging equally to, or shared alike by, two or more or all in question[.]" *Random House Webster's College Dictionary* (1997). "Commonly" is the adverb related to that meaning. "Control" means "to exercise restraint or direction over; dominate, regulate, or command." *Id.*

Petitioner argues that the trusts in this case are commonly controlled because they have the same trustees and that the tribunal erred by concluding that the trusts are not commonly controlled because RAB 1989-48 states that entities must be engaged in business activity in order to be commonly controlled. Even assuming, without deciding, that the tribunal erred by imposing a business-activity requirement, petitioner still cannot prevail because the Alice Trust and petitioner are not "commonly controlled" within the meaning of MCL 211.27a(7)(*l*). Statutory provisions must be read in the context of the entire statute. *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). The goal is to produce a harmonious whole. *CG Automation & Fixture, Inc v Autoform, Inc*, 291 Mich App 333, 338; 804 NW2d 781 (2011). Simply having the same trustee does not satisfy the statutory requirement because the statute does not look to a change in the property's managers, it looks for a change in the *ownership* of the property. A trustee manages trust property held in trust for the benefit of the trust beneficiaries. Although the

trustee has extensive control over the trust, he or she is ultimately liable to the beneficiaries. See MCL 700.7816 (listing the general powers of a trustee); MCL 700.7817 (listing specific powers of a trustee); MCL 700.7901 (listing remedies for a breach of trust by a trustee); MCL 700.7902 (noting that a trustee is liable to the trust beneficiaries for a breach of trust). Further, MCL 211.27a(6)(e) specifically provides that a transfer of ownership occurs if the beneficiaries of a trust are changed. There is no similar provision for when the trustees of a trust are changed because, quite simply, the trustees do not own the property.

Looking at MCL 211.27a(6), it is apparent that a transfer of ownership occurs when the property is transferred from one owner to a wholly new owner. Exceptions are made for transfers from a trust settlor when the settlor is the sole present beneficiary because ownership in that situation does not change. See MCL 211.27a(6)(c). Exceptions are also made for transfers of property that substitute the transferor for the transferor's spouse. See MCL 211.27a(6)(d), (e), and (f). The exceptions in MCL 211.27a(7) are similar in nature; they are triggered when property is transferred from one owner to a wholly new owner. Reading the statute as a whole, it is apparent that petitioner simply does not fall within the definition of "commonly controlled" by virtue of having the same trustees for both the transferring trust and the receiving trust. Thus, we conclude that the Alice Trust and petitioner are not commonly controlled and that the exception in MCL 211.27a(7)(*l*) does not apply.

Affirmed.

OWENS, P.J., and FITZGERALD and RIORDAN, JJ., concurred.