# STATE OF MICHIGAN

# COURT OF APPEALS

DAVOR VULIC,

Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

FOR PUBLICATION
September 26, 2017
9:00 a.m.

No. 333255
Tax Tribunal
LC No. 15-004644-TT

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

BOONSTRA, P.J.

Petitioner appeals by right the Michigan Tax Tribunal's ("the Tribunal") grant of summary disposition in favor of respondent. Because we hold that summary disposition was properly granted, but do so primarily for different reasons than those cited by the Tribunal, we affirm in part the Tribunal's final opinion and judgment, vacate in part, and remand for the entry of an order granting summary disposition in favor of respondent for the reasons stated in this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner purchased 1,799 cartons (each carton containing 10 packs) of cigarettes from an out-of-state business and shipped them to a friend in Bosnia-Herzegovena. The cigarettes were purchased with funds from an account in petitioner's name. The friend reimbursed petitioner (or paid him in advance) for his costs in obtaining and shipping the cigarettes, and petitioner made no profit from the endeavor. His friend asserted via letter that all relevant taxes and duties in Bosnia-Herzegovena were appropriately paid. The cigarettes were eventually sold at petitioner's friend's store. No taxes were paid for the cigarettes in Michigan, and neither petitioner nor the out-of-state business was licensed to sell or receive cigarettes in Michigan. Respondent assessed tax upon petitioner under the Tobacco Products Tax Act (TPTA), MCL 205.421 *et seq*. Petitioner contested the tax, asserting that he should not be liable for taxes on the cigarettes because he was not a "consumer" of the cigarettes, noting that the cigarettes were located in Michigan for less than 24 hours, the cigarette cartons were never opened in Michigan, the cigarettes were never smoked in Michigan, and all relevant taxes were paid at their final destination. The Tribunal disagreed. This appeal followed. We note that the only issue before us is whether petitioner is personally liable for taxes under the TPTA, not whether petitioner's actions were otherwise lawful.

-1-

## II. STANDARD OF REVIEW

We review the Tribunal's grant of summary disposition de novo. *Paris Meadows LLC v City of Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010). We generally give deference to an administrative agency's interpretation of a statute it is delegated to administer, but we are not bound to such an interpretation. *Bechtel Power Corp v Dep't of Treasury*, 128 Mich App 324, 329; 340 NW2d 297 (1983). Notwithstanding any deference that might be afforded to the Tribunal, we review de novo the interpretation and application of statutory language. *Paris Meadows*, 287 Mich App at 141-142. Plain and unambiguous language in a statute must be enforced as written, and a forced construction or implication will not be upheld. *Sebastian J. Mancuso Family Trust v City of Charlevoix*, 300 Mich App 1, 4-5; 831 NW2d 907 (2013).

## III. ANALYSIS

The TPTA "can aptly be described as a pervasive group of tobacco product regulations." *Value, Inc v Dep't of Treasury*, ___Mich App ___, ___; ___ NW2d ___ (2017), slip op at 2, quoting *People v Beydoun*, 283 Mich App 314, 328; 770 NW2d 54 (2003). It "contains detailed definitions, licensing and stamping requirements, recordkeeping and document maintenance obligations, schedules of tax rates, civil and criminal penalties for violations of the TPTA, procedures governing seized property, and a delineation of tobacco tax disbursements for various purposes." *Id*. "[T]he TPTA 'is at its heart a revenue statute, designed to assure that tobacco taxes levied in support of Michigan schools are not evaded.' " *Id*. (citations omitted).

Petitioner argues that he is not subject to tax under the TPTA because he was not a "consumer" of the tobacco products at issue. We disagree.

The TPTA provides in part that "a person shall not purchase, possess, acquire for resale, or sell a tobacco product as a manufacturer, wholesaler, secondary wholesaler, vending machine operator, unclassified acquirer, transportation company or transporter in this state unless licensed to do so." MCL 205.423(1). Under the statutory definitions, petitioner was either a "transporter"[1] or an "unclassified acquirer"[2] of the cigarettes at issue. Yet it is undisputed that petitioner was not licensed under the TPTA. Petitioner therefore was not entitled under the TPTA to "purchase, possess, acquire for resale, or sell" cigarettes. *Id*.

The TPTA further provides for a tax to be levied on the sale of tobacco products. MCL 205.427(1). Licensees are required to file a monthly return reporting specified

---

[1] Under the TPTA, " 'Transporter' means [with certain exceptions not relevant here] a person importing or transporting into this state, or transporting in this state, a tobacco product obtained from a source located outside this state, or from any person not duly licensed under this act." MCL 205.422(y).

[2] Under the TPTA, " 'Unclassified acquirer' means [with certain exceptions not relevant here] a person . . . who imports or acquires a tobacco product from a source other than a wholesaler or secondary wholesaler licensed under this act for use, sale, or distribution." MCL 205.422(z).

information, MCL 205.427(2), and to "pay . . . the tax levied in subsection (1) for tobacco products sold during the calendar month covered by the return, less [specified] compensation," MCL 205.427(3). In addition, MCL 205.428(1) provides:

> A person, other than a licensee, who is in control or in possession of a tobacco product contrary to this act, who after August 31, 1998 is in control or in possession of an individual package of cigarettes without a stamp in violation of this act, or who offers to sell or does sell a tobacco product to another for purposes of resale without being licensed to do so under this act, shall be personally liable for the tax imposed by this act, plus a penalty of 500% of the amount of tax due under this act.

Because petitioner was not a licensee under the TPTA, respondent assessed taxes to petitioner under MCL 205.428(1).

Petitioner argues, however, that he is not liable for tax under the TPTA because MCL 205.427a provides that "[i]t is the intent of [the TPTA] to impose the tax levied under this act upon the consumer of the tobacco products by requiring the consumer to pay the tax at the specified rate." *Id*. Petitioner's argument is therefore premised on a reading of MCL 205.427a that would restrict respondent's right to impose a tax under the TPTA except "upon the consumer of the tobacco products." *Id*.

In the overall context of the TPTA and its pervasive regulatory scheme, however, it is clear that taxes may be imposed under the act not only on the ultimate "consumer" of cigarettes, but on licensees and other persons, MCL 205.427(3), (8). Indeed, the TPTA defines "person" to include inanimate legal entities other than individuals who might "consume" a cigarette, MCL 205.422(q).[3] The TPTA further provides that "[a] person liable for the tax may reimburse itself by adding to the price of the tobacco products an amount equal to the tax levied under this act." MCL 205.427(8). We therefore reject petitioner's interpretation of the TPTA as allowing for a tax to be imposed only on a "consumer." Petitioner's interpretation would improperly render much of the TPTA nugatory. See *Ally Financial Inc v State Treasurer*, 317 Mich App 316, 330; 894 NW2d 673 (2016) ("courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory") (citation omitted). Rather, it is clear that the legislative intent expressed in MCL 205.427a is merely that the persons assessed taxes under the TPTA will ultimately pass those taxes along to consumers. The fact that a person does not do so does not serve to except him from the reach of the TPTA when he elects to engage in conduct falling within its ambit.

The question thus becomes whether petitioner satisfies the conditions for tax liability under MCL 205.428(1). We conclude that he does. At a minimum, petitioner was in "control or in possession of a tobacco product contrary to [the] act." MCL 205.423(1). This alone is sufficient for personal tax liability.

---

[3] The TPTA defines "person" as "an individual, partnership, fiduciary, association, limited liability company, corporation, or other legal entity." MCL 205.422(q).

In addition, petitioner "[sold] a tobacco product to another for purposes of resale without being licensed to do so under [the] act." *Id.* The TPTA defines a "sale" as "a transaction by which the ownership of tangible personal property is transferred for consideration and applies also to use, gifts, exchanges, barter, and theft." MCL 205.422(r). The Tribunal concluded that because petitioner merely passed the cigarettes on at cost, there was no consideration. Consideration is "a bargained-for exchange" with "a benefit on one side, or a detriment suffered, or service done on the other." *Gen Motors Corp v Dep't of Treasury*, 466 Mich 231, 238-239; 644 NW2d 734 (2002) (citations omitted). It is undisputed that petitioner acquired the cigarettes, paid for them, and transferred them to his friend, who compensated petitioner for his costs. It was therefore a sale, albeit one on which petitioner did not net a profit.[4] Although petitioner argues that he used his friend's money to make the purchase and that he never actually acquired ownership of the cigarettes, but was merely a "gratuitous bailee," nothing in the record supports that characterization apart from his own statement that he made no profit on the transaction. A bailment is change in possession, but not a change in title. See 8 Am Jur 2d, Bailments, § 2, p 466. Had, for example, petitioner's friend ordered and agreed to pay for the cigarettes to be shipped to petitioner's home, and then to be shipped to their next destination, leaving petitioner merely responsible for providing an interim location for the cigarettes, such a transaction may well have been a bailment. See *id.* However, on this record, the transaction was not a mere bailment, as petitioner purchased the cigarettes, had them shipped to his home, shipped them to his friend, and received compensation.

Moreover, even if this were not a "transaction by which the ownership of tangible personal property is transferred for consideration," it would be a gift. Consideration is not a factor in the case of use, gifts, or theft. See, e.g., *Black's Law Dictionary* (10th ed) (defining a "gift" as "the voluntary transfer of property to another without compensation" and "gratuitous gift" as "a gift made without consideration, as most gifts are").[5] We therefore conclude that Tribunal erred by determining that 205.428(1) does not provide for petitioner's tax liability as one who sells or offers to a tobacco product for the purposes of resale without a license.

We note that the Tribunal ultimately held that petitioner was in control or possession of many unstamped packages of cigarettes, notwithstanding his failure to open the cartons or the boxes they were shipped in before shipping them out of the country, and thus was liable under that portion of MCL 205.428(1) that provides tax liability for an unlicensed person in "control or

---

[4] Courts do not generally inquire into the sufficiency of consideration. *Harris v Chain Store Realty Bond & Mtg Corp*, 329 Mich 136, 145; 45 NW2d 5 (1950). Here, it appears that petitioner agreed to purchase the cigarettes and ship them out of the country, and petitioner's friend agreed to either reimburse or pay him upfront for his costs. The fact that the transaction did not result in monetary profit to petitioner does not compel the conclusion that there was no consideration or that no sale occurred. "When two competent parties, through a process of give and take, reach an agreement it can be presumed that the mutual promises were considered adequate." *Id.*

[5] In certain circumstances not present here, a "gift" may be given as compensation for services rendered. See "remunerative donation" in Black's Law Dictionary (10th ed).

possession of an individual package of cigarettes without a stamp in violation of this act." Petitioner contends that by virtue of his failure to open the cartons or boxes that were indisputably in his possession and control, he somehow did not possess or control their individual contents. We find that argument to be unpersuasive and resting on a strained construction of statutory language. We therefore affirm this aspect of the Tribunal's determination, although for the reasons stated we need not, and do not, rest our decision solely on this ground. We nonetheless invite the Legislature to clarify its use of the term "individual package" in this context to better aid taxing authorities in the future.

For all of these reasons, we conclude that petitioner was subject to tax under the TPTA. We need not go any further. Our analysis, based on the plain language of MCL 205.428(1), provides for petitioner's tax liability without regard to whether petitioner was a "consumer" and without recourse to dictionary definitions or the definitions of "consumer" and "use" provided in in the Use Tax Act (UTA), MCL 205.91 *et seq*. The Tribunal therefore erred by engaging in that analysis.

We affirm in part, and otherwise vacate the Tribunal's final opinion and judgment. We remand for the entry of an order granting summary disposition in favor of respondent for the reasons stated in this opinion. MCR 7.216(A)(7). We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane E. Markey

-5-