# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KWAYSEE WILLIAMS.

UNPUBLISHED
January 11, 2018

No. 334389
Oakland Circuit Court
LC No. 2016-150985-CZ

Before: STEPHENS, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Petitioner appeals as of right an order denying his petition for restoration of firearm rights under MCL 28.424. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

In January 2016, petitioner filed a petition in the Oakland Circuit Court to restore his firearm rights. Petitioner stated that he was a resident of Oakland County and that, before April 24, 2000, he was convicted of "a number of crimes," including "assault, possession of narcotics, carrying a concealed weapon[,] and receiving stolen property." Petitioner represented that he had satisfied "all terms of sentencing, including prison terms, probation, parole and payment of fines by the end of 2001," that he had been a model citizen for 14 years, and had held the same job for 16 years. Petitioner asked the circuit court to restore his rights "so as to be better able to protect himself and his family, and for recreational hunting." Petitioner attached five letters from family and acquaintances vouching for his character.

During a hearing on the petition, the trial court found that it did not have enough information to properly evaluate the petition under MCL 28.424. The trial court ordered petitioner to serve notice of the petition on the Michigan State Police (MSP), the Michigan Attorney General, and the Oakland County Prosecutor, in order to give those agencies an opportunity to respond. None of the agencies responded to the petition. During a second hearing on the petition, petitioner admitted to the trial court that, although he stated he had been convicted of assault, he was actually convicted of assault with intent to do great bodily harm (AWIGBH). Further, a conviction for operating a motor vehicle under the influence of intoxicating liquor (OUIL) had been left out of the petition entirely.

The trial court denied the petition in a written opinion and order. The trial court noted that although MCL 28.424 grants circuit courts the authority to reinstate a petitioner's firearm rights, a previous version of the statute vested that responsibility in the concealed weapons licensing board of the county in which the petitioner resides. The trial court opined that the

-1-

concealed weapons licensing board was in a better position to evaluate "an individual's perceived need to carry a concealed weapon" because the board was comprised of law enforcement officials and local prosecutors whose collective experiences were invaluable when evaluating "the potential danger that having a concealed weapon or restoring firearm rights to [a] petitioner poses to the unsuspecting public." And, the trial court opined, the Legislature failed to take into account the value of that knowledge and experience when stripping the concealed weapons licensing board of the authority to restore firearm rights.

The trial court also found that MCL 28.424 raised due process and equal protection concerns based on the fact that the "only evidence presented comes from the petitioner with no requirement to provide any notice to interested parties such as [the] MSP, Attorney General . . . and Oakland County Prosecutor." With respect to its due process concerns, the trial court noted that MCL 28.424 failed to require the petitioner to provide notice to interested parties and that

> those interested parties are the very entities that either filed the charges restricting those rights; pursued convictions of those charges, enforced the restriction, or had a vested interest (protecting of the unsuspecting public) in whether this [c]ourt enters an opinion that restores petitioner's firearm and ammunition rights. As it relates to the [MSP], it has the ability to obtain the petitioner's criminal history report, which presents an unbiased account of petitioner's past and present criminal activity from Michigan and other jurisdictions. Further, the criminal history report would either confirm or dispute petitioner's averments related to his past and present criminal history. Clearly, each of the [i]nterested [p]arties would have a compelling state interest in the proceedings to restore firearm and ammunition rights to convicted felons.

With respect to its equal protection concerns, the trial court found that MCL 28.424 fails to provide any guidelines from which the circuit courts can make their findings, and from which interested parties can provide evidence to contradict evidence presented by the petitioner. Specifically, the trial court found that MCL 28.424, "creates a situation where circuit court judges in different Michigan counties[,] or even the same county[,] may implement their own procedures . . . or just accept the information from the petitioner at face value."

Based on its "constitutional concerns," as well as the discrepancy between petitioner's testimony regarding his prior felony convictions and the convictions actually disclosed in his petition, the trial court found that it could not "determine by clear and convincing evidence that *all* of the *circumstances* set forth in MCL § 28.424(4) exist because it only received letters from petitioner's family and supporters[.]" This appeal followed.

## II. DISCUSSION

Petitioner argues that the circuit court erroneously denied his petition after sua sponte declaring MCL 28.424 unconstitutional on due process and equal protection grounds and failing to impose the statute as written. We agree, in part, but affirm the denial of petitioner's petition.

In 2015, our Legislature amended MCL 28.424, taking the authority of the concealed weapons license board to restore firearm rights and giving it to the circuit courts. Both versions of MCL 28.424 require a petitioner to establish the following by clear and convincing evidence in order to have their firearm rights restored:

(a) The person properly submitted an application for restoration of those rights as provided under this section.

(b) The expiration of 5 years after all of the following circumstances:

(*i*) The person has paid all fines imposed for the violation resulting in the prohibition.

(*ii*) The person has served all terms of imprisonment imposed for the violation resulting in the prohibition.

(*iii*) The person has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition.

(c) The person's record and reputation are such that the person is not likely to act in a manner dangerous to the safety of other persons. [MCL 28.424(4).]

The only functional change in the statute was that the circuit courts, not the concealed weapons licensing board, would be responsible for hearing a petitioner's petition to restore their firearm rights. See MCL 28.424, as amended by 2015 PA 3.

In this case, the circuit court took issue with the fact that the Legislature removed the concealed weapons licensing board's power to restore firearm rights, opining that the concealed weapons licensing board, comprised of members of the law enforcement community, was in the best position to protect the unsuspecting public based on their collective experiences. However, according to the unambiguous language of MCL 28.424, it is clear that the Legislature disagreed and the statute must be enforced as written. See *Bush v Shabahang*, 484 Mich 156, 166-167; 772 NW2d 272 (2009).

The trial court looked to MCL 780.621, the statute that outlines the procedure for setting aside criminal convictions, to sua sponte conclude that the MSP, the Michigan Attorney General, and the local prosecutor were "interested parties" entitled to due process protection, i.e., notice and an opportunity to be heard, with regard to petitions filed under MCL 28.424. However, neither version of MCL 28.424 reference MCL 780.621, or mention or define the term "interested parties." A plain reading of MCL 28.424 does not support the trial court's inference. If the Legislature had intended there to be "interested parties" who required notice and an

opportunity to respond to a petition filed under MCL 28.424, it would have done so.[1] After its amendment, the plain language of MCL 28.424 clearly and unambiguously vests the authority to restore firearm rights solely in the circuit courts. The plain language in a statute must be enforced as written, and a forced construction or implication will not be upheld by this Court. *Sebastian J Mancuso Family Trust v City of Charlevoix*, 300 Mich App 1, 4-5; 831 NW2d 907 (2013). Further, this Court presumes statutes to be constitutional unless their "unconstitutionality is clearly apparent." *Rose v Stokely*, 258 Mich App 283, 305; 673 NW2d 413 (2003).

Similarly, the trial court's equal protection concerns are not only unfounded, but premature. The trial court determined that because MCL 28.424 does not provide any "method for the [i]nterested [p]arties to provide contrary evidence, it creates a situation where circuit court judges in different Michigan counties[,] or even the same county[,] may implement their own procedures . . . or just accept the information from the petitioner at face value." These concerns are hypothetical. This issue would be ripe for review only if petitioner claimed that he was treated differently than another similarly situated individual with respect to a petition brought under MCL 28.484. As petitioner notes, no showing of different treatment or disparate impact was made in the trial court, or to this Court. Additionally, the interested parties identified by the trial court have not appeared, despite having notice, and do not take a position. Because the trial court's equal protection concerns are rooted in contingent future events, this issue is not ripe for appellate review and will not be further addressed. See *Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008).

In any case, the circuit court's denial of petitioner's petition for restoration of his firearm rights was not erroneous. MCL 28.424 requires petitioner to prove by clear and convincing evidence: (1) that a petition was filed in the county in which the petitioner resides, (2) that it has been five years since petitioner paid all fines, served all terms of imprisonment, and successfully completed all conditions of probation and parole, and (3) that the petitioner's "record and reputation are such that the individual is not likely to act in a manner dangerous to the safety of other individuals." MCL 28.424(4). During a hearing on the petition, the circuit court was advised that the petition incorrectly listed petitioner's AWIGBH conviction simply as an "assault," and completely failed to mention petitioner's OUIL conviction. Petitioner failed to attach to the petition a copy of his criminal history record, which is easily obtainable for a nominal fee from the MSP. Instead, petitioner attached five letters from family and friends, vouching for his reputation as an upstanding father, employee, and member of his community.

Given the inconsistencies between the petition and petitioner's testimony regarding his past convictions, as well as petitioner's failure to attach a copy of his criminal history record or other objective evidence, petitioner did not establish by clear and convincing evidence that the

---

[1] See MCL 780.621, where the Legislature did, in fact, describe a specific procedure for notifying various agencies that may have a vested interest in the outcome of a petitioner's request to set aside his or her convictions.

requirements of MCL 28.424 were satisfied. Accordingly, the circuit court order denying petitioner's petition is affirmed.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly