Boonstra, P.J.
*475 Petitioner appeals by right the Michigan Tax Tribunal's (the Tribunal) grant of summary *476 disposition in favor of respondent. Because we hold that summary disposition was properly granted, but do so primarily for different reasons than those cited by the Tribunal, we affirm in part and vacate in part the Tribunal's final opinion and judgment, and we remand for entry of an order granting summary disposition in favor of respondent for the reasons stated in this opinion.
I. PERTINENT FACTS AND PROCEDURAL HISTORY
Petitioner purchased 1,799 cartons (each carton containing 10 packs) of cigarettes from an out-of-state business and shipped them to a friend in Bosnia-Herzegovina. The cigarettes were purchased with funds from an account in petitioner's name. The friend reimbursed petitioner (or paid him in advance) for his costs in obtaining and shipping the cigarettes, and petitioner made no profit from the endeavor. His friend asserted via letter that all relevant taxes and duties in Bosnia-Herzegovina were appropriately paid. The cigarettes *489 were eventually sold at petitioner's friend's store. No taxes were paid for the cigarettes in Michigan, and neither petitioner nor the out-of-state business was licensed to sell or receive cigarettes in Michigan. Respondent assessed tax on petitioner under the Tobacco Products Tax Act (TPTA), MCL 205.421 et seq . Petitioner contested the tax, asserting that he should not be liable for taxes on the cigarettes because he was not a "consumer" of the cigarettes, noting that the cigarettes were located in Michigan for less than 24 hours, the cigarette cartons were never opened in Michigan, the cigarettes were never smoked in Michigan, and all relevant taxes were paid at their final destination. The Tribunal disagreed. This appeal followed. We note that the only issue before us is whether *477 petitioner is personally liable for taxes under the TPTA, not whether petitioner's actions were otherwise lawful.
II. STANDARD OF REVIEW
We review de novo the Tribunal's grant of summary disposition. Paris Meadows, LLC v. Kentwood , 287 Mich. App. 136, 141, 783 N.W.2d 133 (2010). We generally give deference to an administrative agency's interpretation of a statute the agency is delegated to administer, but we are not bound to such an interpretation. Bechtel Power Corp. v. Dep 't of Treasury , 128 Mich. App. 324, 329, 340 N.W.2d 297 (1983). Notwithstanding any deference that might be afforded to the Tribunal, we review de novo the interpretation and application of statutory language. Paris Meadows , 287 Mich. App. at 141-142, 783 N.W.2d 133. Plain and unambiguous language in a statute must be enforced as written, and a forced construction or implication will not be upheld. Sebastian J Mancuso Family Trust v. City of Charlevoix , 300 Mich. App. 1, 4-5, 831 N.W.2d 907 (2013).
III. ANALYSIS
The TPTA " 'can aptly be described as a pervasive group of tobacco product regulations....' " Value, Inc. v. Dep't of Treasury , 320 Mich. App. 571, 577, 907 NW2d 872 (2017), quoting People v. Beydoun , 283 Mich. App. 314, 328, 770 N.W.2d 54 (2009). It " 'contains detailed definitions, licensing and stamping requirements, recordkeeping and document maintenance obligations, schedules of tax rates, civil and criminal penalties for violations of the TPTA, procedures governing seized property, and a delineation of tobacco tax disbursements for various purposes.' " Value, Inc., 320 Mich.App. at 577, 907 N.W.2d 872., quoting Beydoun , 283 Mich.App. at 328, 770 N.W.2d 54. "[T]he *478 TPTA is at its heart a revenue statute, designed to assure that tobacco taxes levied in support of Michigan schools are not evaded." Value, Inc. , 320 Mich App at 577, 907 N.W.2d 872. (quotation marks and citations omitted; alteration in original).
Petitioner argues that he is not subject to tax under the TPTA because he was not a "consumer" of the tobacco products at issue. We disagree.
The TPTA provides, in part, that "a person shall not purchase, possess, acquire for resale, or sell a tobacco product as a manufacturer, wholesaler, secondary wholesaler, vending machine operator, unclassified acquirer, transportation company, or transporter in this state unless licensed to do so." MCL 205.423(1). Under the statutory definitions, petitioner was either a "transporter"[1] or an "unclassified *490 acquirer"[2] of the cigarettes at issue. It is undisputed that petitioner was not licensed under the TPTA. Petitioner therefore was not entitled under the TPTA to "purchase, possess, acquire for resale, or sell" cigarettes. Id .
The TPTA further provides for a tax to be levied on the sale of tobacco products. MCL 205.427(1). Most licensees are required to file a monthly return reporting specified information, MCL 205.427(2), and to "pay ... the tax levied in subsection (1) for tobacco products sold during the calendar month covered by *479 the return, less [specified] compensation," MCL 205.427(3). In addition, MCL 205.428(1) provides:
A person, other than a licensee, who is in control or in possession of a tobacco product contrary to this act, who after August 31, 1998 is in control or in possession of an individual package of cigarettes without a stamp in violation of this act, or who offers to sell or does sell a tobacco product to another for purposes of resale without being licensed to do so under this act, shall be personally liable for the tax imposed by this act, plus a penalty of 500% of the amount of tax due under this act.
Because petitioner was not a licensee under the TPTA, respondent assessed taxes on petitioner under MCL 205.428(1).
Petitioner argues, however, that he is not liable for tax under the TPTA because "[i]t is the intent of [the TPTA] to impose the tax levied under this act upon the consumer of the tobacco products by requiring the consumer to pay the tax at the specified rate." MCL 205.427a. Petitioner's argument is therefore premised on a reading of MCL 205.427a that would restrict respondent's right to impose a tax under the TPTA except "upon the consumer of the tobacco products." Id .
In the overall context of the TPTA and its pervasive regulatory scheme, however, it is clear that taxes may be imposed under the act not only on the ultimate "consumer" of cigarettes, but on licensees and other persons. MCL 205.427(3) and (8). Indeed, the TPTA defines "person" to include inanimate legal entities other than individuals who might "consume" a cigarette, MCL 205.422(o).[3] The TPTA further provides that "[a] person liable for the tax may reimburse itself *480 by adding to the price of the tobacco products an amount equal to the tax levied under this act." MCL 205.427(8). We therefore reject petitioner's interpretation of the TPTA as allowing for a tax to be imposed only on a "consumer." Petitioner's interpretation would improperly render much of the TPTA nugatory. See Ally Fin. Inc. v. State Treasurer , 317 Mich. App. 316, 330, 894 N.W.2d 673 (2016) (" 'Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.' ") (citation and alteration omitted). Rather, it is clear that the legislative intent expressed in MCL 205.427a is merely that the persons assessed taxes under the TPTA will ultimately pass those taxes along to consumers. The fact that a person does not do so does not serve to except him or her *491 from the reach of the TPTA when he or she elects to engage in conduct falling within its ambit of the TPTA.
The question thus becomes whether petitioner satisfies the conditions for tax liability under MCL 205.428(1). We conclude that he does. At a minimum, petitioner was in "control or in possession of a tobacco product contrary to [the] act." MCL 205.423(1). This alone is sufficient for personal tax liability.
In addition, petitioner "[sold] a tobacco product to another for purposes of resale without being licensed to do so under [the] act...." Id . Under the TPTA, "sale" means "a transaction by which the ownership of tangible personal property is transferred for consideration and applies also to use, gifts, exchanges, barter, and theft." MCL 205.422(r). The Tribunal concluded that because petitioner merely passed the cigarettes on at cost, there was no consideration. Consideration is "a bargained-for exchange" with "a benefit on one side, or *481 a detriment suffered, or service done on the other." Gen. Motors Corp. v. Dep't of Treasury , 466 Mich. 231, 238-239, 644 N.W.2d 734 (2002) (quotation marks and citation omitted). It is undisputed that petitioner acquired the cigarettes, paid for them, and transferred them to his friend, who compensated petitioner for petitioner's costs. It was therefore a sale, albeit one on which petitioner did not net a profit.[4] Although petitioner argues that he used his friend's money to make the purchase and that he never actually acquired ownership of the cigarettes but was merely a "gratuitous bailee," nothing in the record supports that characterization apart from petitioner's own statement that he made no profit on the transaction. See 8A Am. Jur.2d, Bailments, § 2, p 522. A bailment is a change in possession, but not a change in title. See 8A Am. Jur. 2d, Bailments, § 1, p. 574. The transaction may well have been a bailment if, for example, petitioner's friend had ordered and agreed to pay for the cigarettes to be shipped to petitioner's home and then to be shipped to their next destination, leaving petitioner merely responsible for providing an interim location for the cigarettes. See id . However, on this record, the transaction was not a mere bailment because petitioner purchased the cigarettes, had them shipped to his home, shipped them to his friend, and received compensation. *482 Moreover, even if this were not a "transaction by which the ownership of tangible personal property is transferred for consideration," MCL 205.422(r), it would be a gift. Consideration is not a factor in the case of use, gifts, or theft. See, e.g., Black's Law Dictionary (10th ed.) (defining "gift" as "[t]he voluntary transfer of property to another without compensation" and "gratuitous gift" as "[a] gift made without consideration, as most gifts are").[5] We therefore conclude that the Tribunal erred by determining that MCL 205.428(1) does not provide for petitioner's tax liability as a person who sells or offers a tobacco *492 product for the purposes of resale without a license.
We note that the Tribunal ultimately held that petitioner was in control or possession of many unstamped packages of cigarettes, notwithstanding his failure, before shipping the cigarettes out of the country, to open the cartons or the boxes in which the cigarettes were shipped and, thus, petitioner was liable under that portion of MCL 205.428(1) that establishes tax liability for an unlicensed person "in control or in possession of an individual package of cigarettes without a stamp in violation of this act...." Petitioner contended that by virtue of his failure to open the cartons or boxes that were indisputably in his possession and control, he somehow did not possess or control their individual contents. We find that argument to be unpersuasive because it rests on a strained construction of statutory language. We therefore affirm this aspect of the Tribunal's determination. However, for the reasons stated, we need not, and do not, rest our decision solely on this ground. We nonetheless invite *483 the Legislature to clarify its use of the term "individual package" in this context to better aid taxing authorities in the future.
For all these reasons, we conclude that petitioner was subject to tax under the TPTA. We need not go any further. Our analysis, which is based on the plain language of MCL 205.428(1), provides for petitioner's tax liability without regard to whether petitioner was a "consumer" and without recourse to dictionary definitions or the definitions of "consumer" and "use" provided in in the Use Tax Act, MCL 205.91 et seq . The Tribunal therefore erred by engaging in that analysis.
We affirm in part and vacate in part the Tribunal's final opinion and judgment. We remand for entry of an order granting summary disposition in favor of respondent for the reasons stated in this opinion. MCR 7.216(A)(7). We do not retain jurisdiction.
Markey, P.J., concurred with Boonstra, J.

Under the TPTA, " '[t]ransporter' means [with certain exceptions not relevant here] a person importing or transporting into this state, or transporting in this state, a tobacco product obtained from a source located outside this state, or from any person not duly licensed under this act." MCL 205.422(y).

Under the TPTA, " '[u]nclassified acquirer' means [with certain exceptions not relevant here] a person ... who imports or acquires a tobacco product from a source other than a wholesaler or secondary wholesaler licensed under this act for use, sale, or distribution." MCL 205.422(z).

The TPTA defines "person" as "an individual, partnership, fiduciary, association, limited liability company, corporation, or other legal entity." MCL 205.422(o).

Courts do not generally inquire into the sufficiency of consideration. Harris v. Chain Store Realty Bond & Mtg. Corp. , 329 Mich. 136, 145, 45 N.W.2d 5 (1950). Here, it appears that petitioner agreed to purchase the cigarettes and ship them out of the country, and petitioner's friend agreed to either reimburse or pay petitioner upfront for petitioner's costs. The fact that the transaction did not result in monetary profit to petitioner does not compel the conclusion that there was no consideration or that no sale occurred. "When [two] competent parties, through a process of give and take, reach an agreement it can be presumed that the mutual promises were considered adequate." Id .

In certain circumstances not present here, a "gift" may be given as compensation for services rendered. See "remunerative donation" in Black's Law Dictionary (10th ed.) p. 595.