# STATE OF MICHIGAN

# COURT OF APPEALS

KALVIN CANDLER,

       Plaintiff-Appellee,

and

PAIN CENTER USA, PLLC,

       Intervening Plaintiff,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF AMERICA,

       Defendant-Appellant.

FOR PUBLICATION
October 24, 2017

No. 332998
Wayne Circuit Court
LC No. 15-011245-NF

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

CAMERON, J., (*dissenting*)

Under MCL 500.3173a(2) of the Michigan no-fault act, a person who knowingly presents or causes to be presented a false statement that is part of or in support of a claim to the Michigan automobile insurance placement facility (Facility) is ineligible for payment and barred from receiving benefits under the assigned claims plan. This case raises the issue of whether a false statement made not to the Facility, but instead to one of its servicing insurers, similarly serves as a bar from personal protection insurance (PIP) benefits. Because I disagree with the majority's construction of the statute, I respectfully dissent.

When construing a statute, we are required to "discern and give effect to the intent of the Legislature," and in determining legislative intent, "this Court must first look to the language of the statute." *Bush v Shabahang*, 484 Mich 156, 166-167; 772 NW2d 272 (2009). "Plain and unambiguous language in a statute must be enforced as written, and a forced construction or implication will not be upheld." *Vulic v Dep't of Treasury*, ___ Mich App ___, ____; ___ NW2d ___ (2017) (Docket No. 333255); slip op at 2. "As far as possible, effect should be given to every phrase, clause, and word in the statute." *Shabahang*, 484 Mich at 167 (citation omitted). Furthermore, this Court must read the statute as a whole, and while individual words and phrases are important, they "should be read in context of the entire legislative scheme." *Id*.

MCL 500.3173a states:

(1) The Michigan automobile insurance placement facility shall make an initial determination of a claimant's eligibility for benefits under the assigned claims plan and shall deny an obviously ineligible claim. The claimant shall be notified promptly in writing of the denial and the reasons for the denial.

(2) A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan. [MCL 500.3173a(1) and (2).]

The dispute over legislative intent arises from whether fraudulent statements in connection with a claim for PIP benefits must be presented to the Facility for ineligibility under MCL 500.3173a(2) to apply. The majority construes the statute to require the withholding of benefits whenever a false statement is presented to a servicing insurer simply because an initial (albeit non-fraudulent) claim was presented to the Facility. Under the majority's reading of the statute, plaintiff is barred from receiving any benefits because he presented a false statement in support of a claim for no-fault benefits to Farm Bureau, a servicing insurer. The majority reaches its result by construing the phrase "to the Facility" to modify only the word "claim." Thus, through statutory interpretation, the majority finds false statements in support of a claim do not have to be presented to the Facility. I disagree.

The plain language of MCL 500.3173a(2) reflects the Legislature's intent that false statements made as part of or in support of a claim must be presented to the Facility before a person may be found ineligible for PIP benefits. A person is ineligible for payment or benefits under the assigned claims plan when one "presents or causes to be presented an oral or written statement . . . as part of or in support of a claim to [the Facility] for payment." Contrary to the majority opinion, "as part of or in support of" is a conjunctive phrase reflecting the Legislature's intent that false statements have a specific relationship to a claim presented to the Facility before exclusion under MCL 500.3173a(2) is triggered. The Legislature could have made false statements to assigned member insurers, like Farm Bureau, a basis for denial of benefits and eligibility but has not yet done so.[1] A statute must be enforced as written, and we should not rely

_____

[1] See 2015 HB 4224 as passed by the Senate on June 9, 2016, in which our legislature sought to amend MCL 500.3173a(2) to address this very issue:

on a forced construction of the statute to obtain a particular outcome. *Vulic*, ___ Mich App at ___; slip op at 2.

In the majority's view, only a *prior* claim for benefits presented to the Facility is required for a subsequent false statement to qualify under MCL 500.3173(a)(2). In an effort to provide clarity, the majority sets forth the elements that a complaining party must show before MCL 500.3173a(2) is applicable. A person commits a fraudulent insurance act when he or she "(1) presents or causes to be presented an oral or written statement, (2) which is part of or in support of a claim for no-fault benefits, (3) where the claim for benefits *was submitted* to the [Facility] . . ., (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material of the claim." (Emphasis added.) But the third requirement, that a claim for benefits "was submitted" to the Facility, is not found in the statute. The majority enhances the statutory language by adding a component: that as long as a prior claim was made to the Facility, any new claim supported by a false statement is barred regardless of where the claim is presented. However, every person who is assigned an insurer under the assigned claims plan made an initial claim to the Facility because it is the Facility that first receives a claim for eligibility and, if approved, assigns the person to a servicing insurer. Recognizing a new condition that a claim "was submitted" to the Facility, therefore, is superfluous and, more importantly, not found in the plain language of the statute.

A provision more consistent with the majority's reading of the statute would recite "a person who presents or causes to be presented an oral or written statement *or* a claim to the Michigan automobile insurance placement facility for payment or benefits knowing that the statement or claim contains false information is subject to the penalties imposed under section 4511." Here the recipient of a false statement is irrelevant, as argued by the majority. This is not the language the Legislature adopted, however. We simply should not read into a statute something that is not there.

I likewise disagree with the majority that a claim made to a servicing insurer is the same as a claim presented to the Facility. The no-fault act recognizes the Facility as a distinct entity from the participating insurers. Under MCL 500.3171(9)(a), the Facility is an entity created under chapter 33, MCL 500.3301, *et al.*, and Chapter 33 defines the "Facility" as the "automobile insurance placement facility created pursuant to this chapter," MCL 500.3303(c). However, a "Participating Member" is specifically defined as "an insurer who is required by this chapter to be a member of the facility," MCL 500.3303(d). By the language of these statutes, a

---

A person who presents or causes to be presented an oral or written statement . . . in support of a claim to the [Facility] **or to an insurer assigned a claim by the Michigan Automobile Placement Facility** for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act . . . . A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment ~~or~~ **of any** benefits under the assigned claims plan.

participating member is a separate entity from the Facility, and to conclude that the Legislature only included the Facility in MCL 500.3173a, but nonetheless intended to mean both the Facility and its participating members, goes beyond the plain language of the statute and disregards the terms' distinctions under Chapters 31 and 33.

It is unnecessary to make a strained construction of the statute. The Legislature has already provided different language to exclude persons who make false statements made as part of or in support of a claim to a servicing insurer. MCL 500.3173a(2) denies PIP benefits to a person who "presents or *causes to be presented*" a false statement as part of or in support of a claim to the Facility for payment. (Emphasis added.) When a servicing insurer receives a false statement related to a claim and then seeks reimbursement of that claim from the Facility, then the person making the claim has *caused to be presented* a false statement in support of a claim to the Facility. If plaintiff's false statement in support of his claim was presented to the Facility by Farm Bureau, plaintiff is ineligible for benefits under the statute.[2]

In this case, however, the record reflects that Farm Bureau identified the falsity of the statements and did not seek reimbursement from the Facility in connection with plaintiff's claim for attendant care and replacement services. Therefore, a false statement was not presented or caused to be presented to the Facility, and I respectfully dissent.

/s/ Thomas C. Cameron

---

[2] In other contexts, the language "caused to be presented" has been given broad application. See MCL 400.601 *et seq.* and Sec 31 USC 3730 *et seq.*